# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY W STEWART,<br><br>    Petitioner,<br><br>v.<br><br>J. MACOMBER,<br><br>    Respondent. | Case No.: 1:19-cv-01056-JLT (HC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR LACK OF JURISDICTION<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>[TWENTY-ONE DAY OBJECTION DEADLINE] |

On August 1, 2019, Petitioner filed the instant petition for writ of habeas corpus in this Court. Because the petition is successive, the Court will recommend it be DISMISSED.

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition

1

raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

In this case, Petitioner challenges his 1994 conviction in the Merced County Superior Court for sale of a controlled substance. He raises claims of juror misconduct, unconstitutional search and seizure, ineffective assistance of counsel and insufficiency of the evidence. Petitioner previously sought federal habeas relief in this Court with respect to the same conviction numerous times. See Stewart v. McGrath, No. 1:00-cv-05452-SMS (dismissed as untimely); Stewart v. Sullivan, No. 1:06-cv-01400-WMW (dismissed as successive); Stewart v. Adams, No. 1:09-cv-00685-GSA (same); Stewart v. Adams, No. 1:09-cv-02212-JLT (same); Stewart v. Macomber, No. 1:10-cv-00954-AWI-DLB (same); Stewart v. Macomber, No. 1:11-00814-DLB (same); Stewart v. Macomber, No. 1:12-cv-00594-JLT (same); Stewart v. Macomber, No. 1:14-cv-00266-AWI-MJS (same); Stewart v. Macomber, No. 1:15-cv-00051-SKO (same); Stewart v. Macomber, No. 1:15-01592-SMS (same); Stewart v. Macomber, No. 1:16-cv-00948-EPG (same); Stewart v. Macomber, No. 1:16-cv-01428-EPG (same); Stewart v. Macomber, No. 1:17-cv-00415-AWI-JLT (same); Stewart v. Macomber, No. 1:17-cv-00683-SAB (same); Stewart v. Macomber, No. 1:17-cv-01100-EPG (same); Stewart v. Macomber, No. 1:17-cv-01420-EPG (same); Stewart v. Macomber, No. 1:18-cv-00012-LJO-MJS

(same); Stewart v. Macomber, No. 1:18-cv-00338-DAD-EPG (same); Stewart v. Macomber, No. 1:18-cv-01588-AWI-JLT (same); Stewart v. Macomber, No. 1:19-cv-00370-AWI-SKO (same); Stewart v. Macomber, No. 1:19-cv-00731-AWI-JDP (same).[1]

The Court finds that the instant petition is "second or successive" under 28 U.S.C. § 2244(b). See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding "dismissal of a first habeas petition for untimeliness presents a 'permanent and incurable' bar to federal review of the underlying claims," and thus renders subsequent petitions "second or successive"). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition. Therefore, this Court has no jurisdiction to consider Petitioner's renewed application for relief under 28 U.S.C. § 2254 and must dismiss the petition. See Burton, 549 U.S. at 157.

**ORDER**

Accordingly, the Court DIRECTS the Clerk of Court to assign a district judge to the case.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the petition be DISMISSED as successive.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

///
///
///

---

[1] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

3

Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **August 21, 2019**  **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE